IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. SIMONIAN,<br><br>  Plaintiff,<br>v.<br><br>L'OREAL USA CREATIVE, INC., and<br>L'OREAL USA, INC.<br><br>  Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendants L'OREAL USA CREATIVE, INC. and L'OREAL USA, INC. (sometimes collectively referred to hereinafter as "Defendants") as follows:

### I.
### NATURE OF THE CASE

1. This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2. As set forth below, Defendants L'OREAL CREATIVE USA, INC. (L'OREAL CREATIVE") and L'OREAL USA, INC. ("L'OREAL") have violated 35 U.S.C. §292(a), by marking certain of their products with United States Patent Number 5,077,042 ("the '042 Patent"), even though the '042 Patent is expired, and has been expired since September 22, 2009. Defendant L'OREAL USA, INC. has further violated 35 U.S.C. §292(a), by marking certain of its products with United States Patent Number 4,887,622 ("the '622 Patent") even though the '622 Patent is expired, and has been expired since November 30, 2007. The '042 Patent and the '622 Patent are hereinafter sometimes collectively referred to as "the Expired Patents."

Defendants mark the packaging of certain of their products with the Expired Patents with the intent to deceive the public and to gain a competitive advantage in the market.

3. Plaintiff seeks an award of monetary damages against Defendants pursuant to 35 U.S.C. §292(b) of $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4. Plaintiff is a person residing in Geneva, Illinois.

5. Defendant L'OREAL USA CREATIVE, INC. is a corporation established under the laws of the State of Delaware with, on information and belief, its principal place of business at 575 Fifth Avenue, New York, New York 10017.

6. Defendant L'OREAL USA, INC. is a corporation established under the laws of the State of Delaware with its principal place of business at 575 Fifth Avenue, New York, New York 10017, and is, on information and belief, the direct or indirect controlling parent company of L'OREAL USA CREATIVE, INC.

7. L'OREAL USA CREATIVE, INC. is the registered owner of United States Trademark registration number 2838674 for SOFT SHEEN · CARSON, claiming therein a full line of non-medicated hair care, hair styling, hair treatment and hair color preparations.

8. References to Defendant or Defendants herein are intended to reference one or both of L'OREAL USA CREATIVE, INC. and L'OREAL USA, INC., as appropriate.

9. Upon information and belief, Defendants are leading producers of beauty products, including a wide variety of haircare and makeup products.

## III.
## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendants' falsely marked products were and are offered for sale and sold in this District.

12. This Court has personal jurisdiction over Defendants because they have sold and continue to sell their falsely marked products in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District. Upon information and belief, such sales by Defendants are substantial, continuous, and systematic.

## IV.
## THE EXPIRED PATENTS

13. The '042 Patent, entitled "Conditioning Hair Relaxer System With Conditioning Activator," was filed on September 22, 1989, issued on December 31, 1999, and expired on September 22, 2009. A true and correct copy of the '042 Patent is attached hereto as Exhibit A.

14. The '622 Patent, entitled "Brush For The Application of Mascara To The Eyelashes," was filed on November 30, 1987, issued on December 19, 1989, and expired on November 30, 2007. A true and correct copy of the '622 Patent is attached hereto as Exhibit B.

## V.
## COUNT I

15. Plaintiff incorporates paragraphs 1-14 as if fully set forth herein.

16. Defendants L'OREAL CREATIVE and L'OREAL have in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufacture and market, or cause to be manufactured or marketed, products for sale to the general consuming

public, including, for example, their SOFTSHEEN·CARSON® Optimum Care Anti-Breakage Therapy hair product.

17. Defendant L'OREAL has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be manufactured or marketed, products for sale to the general consuming public, including, for example, its VOLUMINOUS®-branded and DOUBLEEXTEND®-branded mascara products.

18. SOFTSHEEN·CARSON® Optimum Care Anti-Breakage Therapy hair product is currently sold in a number of different packaging variations. Exemplary packaging marked with the '042 Patent is shown below (continued on next page):



4

Case 1:10-cv-01345 Document 1 Filed 02/26/10 Page 5 of 11



This product may be covered by US Patents# 5,618,523 and 5,077,042
Ce produit peut être couvert par les Brevets US 5,618,523 et 5,077,042

19. DOUBLEEXTEND® mascara is currently sold in a number of different packaging variations. Exemplary packaging marked with the '622 Patent is shown below (continued on next page):




5

G696120 1 MAGNIFIER/AMPLIFIEUR INGREDIENTS: AQUA/WATER/EAU • PARAFFIN • CYCLOPENTASILOXANE • CERA ALBA / BEESWAX/CIRE D'ABEILLE • STEARIC ACID • TRIETHANOLAMINE • ACACIA/ACACIA SENEGAL GUM • CARNAUBA/CARNAUBA WAX/CIRE DE CARNAUBA • PALMITIC ACID • DIMETHICONOL • HYDROXYETHYLCELLULOSE • PANTHENOL • IMIDAZOLIDINYL UREA • SODIUM POLYMETHACRYLATE • METHYLPARABEN • PEG/PPG-17/18 DIMETHICONE • PROPYLPARABEN • SIMETHICONE • BHT • 2-OLEAMIDO-1,3-OCTADECANEDIOL • POLYQUATERNIUM-10 • MAY CONTAIN/PEUT CONTENIR [+/- CI 77492, CI 77499, CI 77491/IRON OXIDES • MICA • CI 77891/TITANIUM DIOXIDE • CI 77007/ULTRAMARINES • CI 77266/BLACK 2 • CI 77288/CHROMIUM OXIDE GREENS • CI 77289/CHROMIUM HYDROXIDE GREEN • CI 75470/CARMINE • CI 77510/FERRIC FERROCYANIDE ] • FIL D26476/2 US PATENTS: 6,016,023, 4,887,622, 4

G696121/1 EXTENDER/EXTENSEUR INGREDIENTS: AQUA/WATER/EAU • PARAFFIN • ACRYLATES COPOLYMER • CERA ALBA/BEESWAX/CIRE D'ABEILLE • STEARIC ACID • CARNAUBA/CARNAUBA WAX/CIRE DE CARNAUBA • PALMITIC ACID • TRIETHANOLAMINE • PHENOXYETHANOL • AMINOMETHYL PROPANEDIOL • HYDROXYETHYLCELLULOSE • ACACIA/ACACIA SENEGAL GUM • RAYON • PANTHENOL • ETHYLENEDIAMINE/STEARYL DIMER DILINOLEATE COPOLYMER • METHYLPARABEN • SODIUM DEHYDROACETATE • HYDROGENATED JOJOBA OIL • HYDROGENATED PALM OIL • DISODIUM EDTA • ETHYLPARABEN • SIMETHICONE • BHT • 2-OLEAMIDO-1,3-OCTADECANEDIOL • ISOPROPYLPARABEN • ISOBUTYLPARABEN • BUTYLPARABEN • MAY CONTAIN/PEUT CONTENIR [+/- CI 77891/TITANIUM DIOXIDE ] • FIL D26676/1 US PATENTS: 6,016,023, 4,887,622 US PATENTS PENDING



www.lorealparis.com
L'ORÉAL USA, Inc., New York, NY 10017. Dist. L'Oréal Canada Montréal H4T 1K5.
Made in USA. Fabriqué aux États-Unis.




6



20. VOLUMINOUS® mascara is currently sold in a number of different packaging variations. Exemplary packaging marked with the '622 Patent is shown below (continued on next page):



7



21.     The instances of false marking shown in paragraphs 18-20 are representative and not exhaustive.

22.     When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

23.     Upon information and belief, Defendants are sophisticated companies and have many decades of experience applying for, obtaining, and/or litigating patents.

24.     Defendants by themselves or by their representatives cannot genuinely believe that a patent does not expire and that patent rights apply even after its expiration.

25.     Upon information and belief, Defendants know, or should know (by themselves or by their representatives), that the Expired Patents marked on their products have expired and/or do not cover the products to which the marking is affixed.

26.     Upon information and belief, Defendants intentionally marked their products with the Expired Patents in an attempt to prevent competitors from entering the market and for the

8

purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the Expired Patents.

27. Each false marking on the Defendants' products is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

28. Defendants have wrongfully and illegally advertised patent rights which they do not possess and, as a result, have benefitted commercially and financially by maintaining false statements of patent rights.

29. Upon information and belief, Defendants know, or reasonably should know, that marking their products with false patent statements was and is illegal under Title 35 United States Code. At a minimum, Defendants had and have no reasonable basis to believe that their use of the false markings was or is proper or otherwise permitted under federal law.

30. For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

31. Thus, each expired patent marked on a product directly, or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

(a) A decree that Defendants have falsely marked products in violation of 35 U.S.C. §292;

(b) An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c) An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d) All costs and fees incurred as a result of the prosecution of this action; and

(e) Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VI.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: February 25, 2010

Respectfully submitted,

*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail: bss@sperling-law.com
E-mail: robc@sperling-law.com


Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissman
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissman@emcpc.com